(91 App. Div. 72.)

## WESTERVELT v. NEW YORK TIMES CO.

(Supreme Court, Appellate Division, First Department. February 5, 1904.)

1. LIBEL—JUSTIFICATION—ANSWER—ALLEGATIONS—RELEVANCY.

In an action for damages for libel, where it is alleged in the petition, by way of innuendo, that the publication charged plaintiff with taking money illegally and making extortionate charges for his services, and that a court had so decided, the allegations of an answer of justification, setting out the proceedings in which plaintiff had appeared as attorney and had made the charges which it was alleged were extortionate, are relevant.

O'Brien, J., dissenting.

Appeal from Special Term, New York County.

Action by James Westervelt against the New York Times Company. From an order striking out parts of its answer, defendant appeals. Reversed.

The following opinion of Bischoff, J., was delivered on the granting of the motion at Special Term:

The alleged libel consists of the charge that the Court of Errors of New Jersey made a certain decision affecting the plaintiff. As a defense of justification, the defendant sets forth facts tending to show that while the court did not decide the case, but merely remitted the facts for decision to the court below, the ultimate decision may probably be to the effect of the words published. Any such issue as that tendered by these allegations is not relevant to the action for libel, and the matter alleged could not serve as an aid to an attempted defense of justification. The libel, in effect, charges the plaintiff

with having been convicted of extortionate and unprofessional conduct, and with having been directed to make restitution under penalty of disbarment. Certainly the averment of facts tending to show that the plaintiff was guilty of conduct which ought to have led to this result is not a justification; i. e., pleading the truth of the matter published. The justification must be as broad as the charge, and, within the authorities, the matter here pleaded is no justification. Huff v. Bennett, 6 N. Y. 337; Powers v. Skinner, 1 Wend. 452; Kirwan v. Denman, 2 Hudson & Brooke's R. K. B. 628; Starkie on Slander & Libel (Am. Ed.) § 480. So much of the separate defense as is made the subject of this motion must be viewed as irrelevant to the defense sought to be pleaded (i. e., justification), and the motion is therefore granted, with $10 costs.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Alfred A. Cook, for appellant.

Henry B. Gayley, for respondent.

INGRAHAM, J. The action was to recover damages for a libel. The complaint sets out the libel in full, which, in substance, charged the plaintiff, an attorney and counselor at law, with retaining $23,000 out of $41,000 paid by one Charles W. Lynde in settlement of all claims against him by his wife, for whom this plaintiff, an attorney at law of New York and New Jersey, had appeared; that the Court of Errors and Appeals of the state of New Jersey had decided that the plaintiff had no legal right to the money, and that the fee was extortionate. As an innuendo, it is alleged that the libel meant "that plaintiff had taken money illegally, and had made extortionate charges for his services as a lawyer, and that the said court had so decided." The answer, after admitting the publication of an article annexed to the answer, as a defense and in justification of the alleged libel, sets up the proceedings in the action between Charles W. Lynde and his wife, in which the money was paid, and the proceeding which resulted in the appeal to the Court of Errors and Appeals in the state of New Jersey, and the judgment of that court referred to. A portion of this defense has been stricken out by the court below upon the ground that the allegations are not relevant to the action, and that the matter alleged could not serve as an aid to the defense of justification. I think the defendant was entitled to set up in full the proceedings between the parties which resulted in the appeal in which the judgment, an account of which was given in the publication, was rendered, and that the question of the sufficiency of the defense should be determined at the trial, rather than upon a motion of this character. The sufficiency of a defense of justification can only be determined by a demurrer to that defense, or upon a trial of the action, when the evidence is before the court. It should not be determined upon a motion to strike out a part of the allegations constituting such a defense. These allegations stricken out were a part of the defense of justification. They were not irrelevant as a part of that defense. If the defense was not sufficient in itself, taken as a whole, the plaintiff could have demurred to it, and then its sufficiency would have been determined; but, where a defense is pleaded, I do not think the court is justified in striking out a portion of the defense unless it is apparent that it has no relevancy to the defense, as

pleaded, as a whole. These allegations are relevant to the defense of justification. They relate to the proceeding between the parties to the action in the state of New Jersey; the plaintiff, as an attorney at law, representing one of the parties. The plaintiff alleges by way of innuendo that the "libel charged that the plaintiff had taken money illegally, and had made extortionate charges for his services, and that the said court had so decided." To justify that charge, the defendant was entitled to set out the proceedings in which the plaintiff had appeared as an attorney, and had made the charges which it was alleged were extortionate. These allegations are a part of the facts alleged as such a defense, and I think that they should be allowed to remain in the answer, so that the defendant can state its defense as a whole upon the trial, and have it there determined whether it is sufficient as a justification.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur, except O'BRIEN, J., who dissents.

O'BRIEN, J. I dissent for the reasons given by Mr. Justice BISCHOFF in his opinion at Special Term.

---

(91 App. Div. 44.)

PEOPLE ex rel. MANHATTAN LIFE INS. CO. v. WELLS et al.

Tax Com'rs.

(Supreme Court, Appellate Division, First Department. February 5, 1904.)

1. CORPORATIONS—TAXATION—ASSESSMENT—STATUTES—CONSTRUCTION.

Appeal from Special Term.