(43 Misc. Rep. 417.)

DOLL v. SMITH et al.

(Supreme Court, Special Term, Kings County. April, 1904.)

1. DEPOSITION OF DEFENDANT—ORDER TO TAKE.
    An order to take deposition of defendants before trial will not be vacated, the affidavit on which the order was obtained having contained all the statute required.

Action by Edwin N. Doll against Albert D. Smith and others. Defendants move to vacate an order to take their deposition before trial. Denied.

Reversed in 88 N. Y. Supp. 1096.

George H. Fletcher, for the motion.
Daniel P. Hays, opposed.

GAYNOR, J. Sections 537, 538, 545, 870 et seq., of the Code of Civil Procedure, the first providing for an immediate application for judgment on a frivolous answer, demurrer or reply, the next for the striking out on motion of sham answers, the next for the striking out on motion of irrelevant or redundant matter in a pleading, and the others for the taking of the deposition of a party before trial to be used on the trial, were designed to prevent delays by the device of pleadings which present no issue, to simplify pleadings so that the issue would be plain to the trial judge, instead of his having to puzzle over useless and perplexing verbiage to ascertain what it is, and to shorten the trial and lessen expense in the preparation therefor by ascertaining in advance, when necessary, what the opposite party would testify to; and they were apt and ample for the purpose. But their usefulness has been very greatly impaired by the decisions which have been made under them. The recent Commission on the Law's Delay inquired into the rules of practice of the English courts which effectually accomplish the results which these Code provisions were intended to accomplish with us, and concluded, as I understand, that our Code provisions would be quite as effectual, to say the least, as the English rules, if they were not curtailed and whittled down by decisions which shirk and frustrate them. For instance, the profession has long been met on a motion for judgment on a frivolous pleading with the dry if not droll ruling from the bench that if the pleading is not so plainly frivolous that no argument is needed to point it out, the motion will be denied; and on appeal from an order granting the motion, the order will be affirmed because the respondent presents a brief of several pages; and so on. We thus have a rule as uncertain as the length of the Chancellor's foot, as Chancellors came and went, for we all know that a pleading which may at once appear frivolous to one may not so appear to another until it be explained and argued to him. And when the cause is reached for trial, and a similar motion is made for judgment on the pleadings, the trial

judge cannot shirk it in any such way, but has to hear it and decide it on its merits, as it was clearly intended by the Code provision should be done by the judge hearing the preliminary motion. In the same way, no one can read the interminable list of decisions under the said other Code sections without seeing and regretting the extent to which the usefulness of the provisions of such sections have been impaired. The easy way of throwing every perplexity and obstacle in respect of pleadings or the like on the trial judge (Westervelt v. Times Company, 91 App. Div. 72, 86 N. Y. Supp. 454) seems to have become inveterate, whereas these Code provisions were intended to keep them away from him, so that the merits of the action could be met at once and carefully tried.

The learned brief submitted for the present motion subjects the affidavit on which the order was obtained to severe analysis, and while it abounds in decisions, old and new, which give color to some of the objections, I find the affidavit to contain all that the statute requires, and that ought to suffice.

The motion is denied with $10 costs.